JEFFERSON B. SESSIONS III
Attorney General
JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division
SAMEENA SHINA MAJEED, Chief
JON M. SEWARD, Principal Deputy Chief
MARTA CAMPOS, Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
    950 Pennsylvania Avenue, N.W. - NWB
    Washington, DC 20530
    Telephone: (202) 514-4713; Facsimile: (202) 514-1116
    E-mail: marta.campos@usdoj.gov

NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney, Chief, Civil Division
JOANNA HULL (CA State Bar No. 227153)
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6585; Facsimile: (213) 894-7819
E-mail: joanna.hull@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TOYOTA MOTOR CREDIT CORPORATION,<br><br>    Defendant. | No. 2:16-cv-00725-CBM<br><br>JOINT STIPULATION AND [PROPOSED] ORDER FOR EARLY TERMINATION OF CONSENT ORDER |

1. On April 25, 2013, the United States Department of Justice (the "Department") and the Consumer Financial Protection Bureau ("CFPB," together with the Department, the "Agencies") initiated a joint investigation under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, of Toyota Motor Credit Corporation's ("Toyota") pricing of automobile loans or retail installment contracts.

2. To resolve allegations that arose out of this investigation, Toyota entered into a Consent Order with the Department, which the Court approved on February 11, 2016 (Dkt. 7).[1] In settlement of the United States' claims, and in addition to the injunctive relief described in Section V of the Consent Order, Toyota agreed to create a Settlement Fund for the purpose of providing redress to Affected Consumers who were overcharged during the Relevant Period, as such terms are defined in the Consent Order. *See* Consent Order ¶ 7.

3. In accordance with paragraph 9 of the Consent Order, Toyota engaged Epiq Class Action and Claims Solutions ("Epiq") as the Settlement Administrator, and executed a Statement of Work with Epiq, dated June 30, 2016, (the "SOW"), which outlines the procedures to be followed by Epiq to conduct the activities set forth in paragraphs 11 through 19 of the Consent Order.

4. The Consent Order is scheduled to terminate "three (3) years from the Effective Date, unless Toyota conducts a portfolio-wide analysis, as described in this paragraph, that yields dealer markup disparities based on race or national origin below the agreed upon target for both African-American and Asian and/or Pacific Islander borrowers, in which case the Consent Order shall terminate two (2) years after the Effective Date." *Id.* ¶ 43.

---

[1] The Consent Order entered by this Court provides for parallel relief as the CFPB's Consent Order, *In the Matter of Toyota Motor Credit Corporation*, 2016-CFPB-0002, entered administratively by that agency on February 2, 2016.

5. On December 19, 2017, Toyota submitted a letter to the Agencies in which Toyota requested the Agencies' non-objection to Toyota's methodology for conducting the portfolio-wide analysis, and, on March 7, 2018, Toyota and the Agencies met in Washington, D.C., to discuss the request.

6. Toyota's portfolio-wide analysis yields dealer markup disparities based on race or national origin below the agreed-upon target for both African-American and Asian and/or Pacific Islander borrowers.

7. In a letter dated April 26, 2018, the Department provided its non-objection to Toyota's methodology for conducting the portfolio-wide analysis, subject to the condition that the consumer remuneration process reflected in Section VII of the Consent Order and in the SOW "will continue unaltered to completion, even though this remuneration process extends past the term of the Department's Consent Order." According to the Department's letter, "the trigger provision for the early termination of the Department's Consent Order, which the parties had negotiated in paragraph 43 of the Consent Order, is satisfied."

8. On May 8, 2018, Toyota provided the Department with a statement signed by Michael R. Groff, President and CEO of Toyota, effective May 1, 2018, certifying Toyota's acceptance of the consumer remediation process condition.

9. As a result, the parties have agreed to terminate the Consent Order as of May 1, 2018, provided, however, that the consumer remuneration process reflected in Section VII of the Consent Order and in the SOW will continue unaltered to completion, even though this remuneration process extends past the term of the Consent Order.

Respectfully submitted this 11th day of May, 2018.

For the United States of America:

JEFFERSON B. SESSIONS III
Attorney General

NICOLA T. HANNA
United States Attorney
Central District of California

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section

/s/ *Joanna Hull*
JOANNA HULL
Assistant United States Attorney
Chief
Civil Rights Section
Civil Division
Central District of California
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Tel.: (213) 894-6585
Fax: (213) 894-7819
joanna.hull@usdoj.gov

JON M. SEWARD
Principal Deputy Chief

MARTA CAMPOS
Trial Attorney
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Avenue, N.W. – NWB
Washington, DC 20530
Tel.: (202) 514-4713
Fax: (202) 514-1116
marta.campos@usdoj.gov

For Defendant Toyota Motor Credit Corporation:

_____

MATTHEW L. BIBEN (*pro hac vice* application granted February 12, 2016)
Partner
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6606
Fax: (212) 909-6836